Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11-CV-8843 | DATE | 3/2/2012 |
| CASE TITLE | Goldman v. Gagnard | | |

**DOCKET ENTRY TEXT**

Defendants' Motion to Dismiss Citations to Discover Assets of Third Party [29] and Motion to Claim Exemption Under Citation Proceedings [31] are denied. See statement below.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff and Defendants entered into a real estate purchase agreement in January of 2004. (Def. Resp. at 3.) A dispute arose regarding the property, and the parties participated in arbitration proceedings pursuant to their real estate contract. (*Id.*) The arbitrator issued a final order on January 20, 2011, awarding Plaintiff damages, attorney's fees, and costs. (*Id.*) On June 20, 2011, Plaintiff filed an application in the U.S. District Court for the Northern District of California, seeking confirmation of the arbitration award, in addition to an award of attorney's fees, and any other award of costs the court deemed proper. (Def. Resp. at 4.) The court confirmed the arbitration award and further awarded prejudgment interest and Plaintiff's attorney's fees, entering an award of $1,331,992.48. (*Id.*, Pl. Mot. to Dismiss Citations at 1.) Following this, citations issued in the Northern District of Illinois to third-party financial institutions, including: Merrill Lynch, Fifth Third Bank, Fidelity Investments, E*Trade Financial, JPMorgan Chase Bank, Bank of America, HSBC Bank, Citibank ("Third-Party Citations"), and directly to the Defendants.

Defendants move to dismiss the Third-Party Citations, presenting three bases for the dismissal of the Third-Party Citations: (1) all Third-Party Citations should be dismissed because Plaintiff failed to properly state the balance due on the judgment awarded by the Northern District of California; (2) the Citations to their Merrill Lynch accounts should be dismissed because the assets in those accounts are related to their individual retirement accounts and therefore exempt from judgment or attachment under 735 ILC 5/12-804; and (3) all the Third-Party Citations should be dismissed because they seek to enforce a judgment that is, in part, void. (Def. Mot. To Dismiss Citations at 2-4.) In the alternative, Defendants argue the Third-Party Citations should be stayed, pending the resolution of a lawsuit in California that would potentially pay Plaintiff's claims. (*Id.* at 5.) Defendants further move to claim exemptions on certain assets under the citation proceedings. (Def. Mot. to Claim Exemption at 5.) Plaintiff filed a combined response to both of Defendants' Motions. Defendants filed a reply brief on February 24, 2012, ten days after the date it was due, without leave of the Court.

The supplemental proceedings at bar are limited in scope. In executing judgment, the creditor "may

## STATEMENT

obtain discovery from any person - including the judgment debtor - as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). As this Court sits in Illinois, Illinois law is applicable.

Defendants first argue the Third-Party Citations are defective because Plaintiff has already collected "in excess of $600,000 on account of its judgment against another [unrelated] party for the identical property damages that underlie this Judgment." (Def. Mot. to Dismiss Citations at 2.) Defendants present no evidence supporting this general, vague assertion. The Third-Party Citations, certified by Plaintiff's counsel, have not been shown to be defective; instead, they comply with the requirements set out in 735 ILCS 5/2-1402. Therefore, the Third-Party Citations shall not be dismissed as defective. Defendants also argue the Third-Party Citations should be dismissed because the court in the Northern District of California entered an award in excess of what had been arbitrated. (Def. Mot. to Dismiss Citations at 3.) The supplemental jurisdiction provided by Federal Rule of Civil Procedure 69 does not provide jurisdiction to review another federal district court's decision, nor do Defendants submit any legal authority that would provide jurisdiction. *See Strojny v. Egeland*, 132 Ill. App. 779, 781 (1st Dist. 1971) (holding that a citations proceeding is simply a supplemental proceeding, and that the court conducting the proceeding has no authority to change the terms of the underlying judgment). Therefore, the Third-Party Citations are not dismissed on the basis of the underlying judgment's being void.

Defendants further claim the Third-Party Citations to Merrill Lynch Accounts ending in No. 1401 and No. 4979 should be dismissed because these accounts are exempt from execution. Defendants seek additional exemptions for: any other assets Defendants hold in retirement plans, a percentage of Defendants' wages, some of Defendants' personal effects, interest in Defendants' automobiles, and the ordinary living expenses of Defendants and Defendants' dependents. However, Fed. R. Civ. P. 69(a)(2) permits discovery to be obtained in aiding the enforcement of the judgment. Plaintiff concedes that if these accounts identified by Defendants are indeed retirement investment accounts, they are generally exempt from seizure. It is also possible that the other property Defendants seek exemptions on may be exempt from seizure. However, Defendants' claims as to these exemptions are untimely; Plaintiff must first be permitted to obtain discovery of the underlying accounts and property and confirm their nature, thereby determining the appropriate possible exemptions. It is well-established "that statutes authorizing a judgment creditor to discover the assets of a debtor or of a third party in order to enforce a judgment are to be broadly construed." *Soc'y of Lloyd's v. Estate of McMurray*, 274 F.3d 1133, 1135-36 (7th Cir. 2001). Defendants' Motions to Claim Exemptions [31] and to Dismiss Citations to Merrill Lynch Accounts [29] are denied.

Finally, Defendants seek a stay of the Third-Party Citations, while again submitting no legal authority to support the proposed stay. Furthermore, none of the bases for staying the proceedings under Federal Rule of Civil Procedure 62 are applicable. Therefore, Defendants' Motion to Stay the Citations is denied.

Defendants' Motions to Dismiss Citations, Claim Exemptions under the Citation Proceedings, or otherwise Stay Proceedings [29, 31] are denied.