UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN R. GOLDMAN, Trustee of the Goldman Living Trust, U/A/D December 19, 2000,<br><br>Plaintiff,<br><br>v.<br><br>JAMES R. GAGNARD and MICHELLE GAGNARD,<br><br>Defendants. | Case No. 11-CV-8843<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Defendants James R. Gagnard and Michelle Gagnard filed two Motions to Reconsider pursuant to Fed. R. Civ. P. 59(e), seeking reconsideration of the Court's previous rulings regarding its denial of an offset of a judgment and to reconsider other jurisdictional rulings. Based on the discussion below, Defendants' Motions are denied.

## BACKGROUND

Plaintiff, Susan R. Goldman, Trustee of the Goldman Living Trust, U/A/D December 19, 2000, commenced this supplemental action in the Northern District of Illinois on December 13, 2011, causing the Clerk of this Court to issue citations to discover the assets of Defendants James R. Gagnard and Michelle Gagnard, in addition to other, third-party financial institutions. The citations relate to a dispute between the parties originating in California.

Plaintiff and Defendants entered into a real estate purchase agreement in January 2004. (Pl.'s Resp. Ex. A.) A dispute arose over this transaction, and the parties participated in arbitration proceedings pursuant to the real estate contract terms. At the conclusion of arbitration, Plaintiff was awarded damages, attorney's fees, and costs. (*Id.*) Following this award, Defendants filed an Application for Correction of Final Award, which was opposed by Plaintiff; the arbitrator denied the Defendants' Application for Correction. (*Id.*) Defendants' position is that they are due a set-off or allocation on Plaintiff's arbitration award for recovery Plaintiff already received in a suit against the real estate contractors and sub-contractors. It appears Defendants have spent a significant amount of time and litigation seeking this set-off.

Following entry of Plaintiff's final arbitration award, Plaintiff filed an Application for an Order Confirming arbitration award and Entering Judgment in Conformity Therewith on June 20, 2011, in the Northern District of California. (*Id.*) Defendants moved to stay this confirmation award action, pending the resolution of the set-off issue in California state court. (Pl.'s Resp. Ex. B.) In spite of Defendants' stay motion, however, the Northern District of California entered judgment in favor of Plaintiff in the amount of $1,331,992.48. (Pl.'s Resp. Ex. C.)

On October 18, 2011, the California state court then dismissed Defendants' action seeking to offset Plaintiff's arbitration award. (Pl.'s Resp. Ex. E.) Thereafter, Defendants withdrew their motion to stay Plaintiff's action confirming her arbitration award in the Northern District of California. Instead, Defendants filed objections to Plaintiff's motion to confirm her arbitration award. (Pl.'s Resp. Ex. F-G.) In addition to

2

reasserting their position that Defendants were entitled to a set-off, Defendants also objected to the confirmation of Plaintiff's arbitration award on the basis that Plaintiff's proposed judgment sought to award Plaintiff prejudgment interest not included in the final arbitration award. (Pl.'s Resp. Ex. G.)

However, Defendants' objections to Plaintiff's motion to confirm her arbitration award were deemed untimely by the Northern District of California. (Pl.'s Resp. Ex. I, n.1.) The Northern District of California confirmed Plaintiff's arbitration award and granted Plaintiff prejudgment interest pursuant to applicable California state law and reasonable attorney's fees. (*Id.* at 5.) The Northern District of California Court also noted "Defendants contend that this judgment is subject to an offset to be made in the appropriate forum. The amount of setoff, if any, is not before the Court, and the Court does not opine on whether Defendants are entitled to one." (*Id.* at n.5.) Judgment was entered, confirming Plaintiff's arbitration award and awarding Plaintiff $126,353.23 in prejudgment interest.

Following the entry of judgment in the Northern District of California, Plaintiff registered the Judgment in the Northern District of Illinois. Not to be deterred, after citations were issued to discover Defendants' assets, Defendants filed a motion to dismiss the citations. (Docket Entry 29.) Defendants argued the citations should be dismissed on at least one of three bases: (1) because Plaintiff failed to properly state the balance due on the judgment awarded by the Northern District of California; (2) because the citations seeks to enforce a judgment that is, in part, void; and (3) because the citations to Defendants' Merrill Lynch accounts included assets in those accounts which are subject

3

to exemptions. The Court denied Defendants' motion to dismiss the citations on March 2, 2012.[1] (Docket Entry 42.)

Despite having lost their argument regarding a set-off due to them at every turn, Defendants move for a reconsideration of the Court's ruling pursuant to Fed. R. Civ. P. 59(e) in two separate motions. Specifically, Defendants again tender their argument that they are entitled to a setoff against Plaintiff's arbitration award against them. Additionally, Defendants request the Court "disregard and decline to enforce the $126,000 pre-judgment interest" awarded to Plaintiff by the Northern District of California.

## LEGAL STANDARD

Before considering Defendants' argument, it is necessary to identify the authority for a motion for reconsideration and what standard applies to determine if Defendants' motions should be granted. Other than invoking Rule 59(e) in the title of their Motions, Defendants are completely silent on the issue. Because a denial of a motion to dismiss is not a final judgment[2], a motion to reconsider that decision does not technically fall under Federal Rule of Civil Procedure 59(e), which addresses motions to alter or amend judgments. *See* Fed. R. Civ. P. 59(e). Nor does it fall within the language of Rule 60(b), which provides a procedure for seeking relief from a final judgment, order, or

---

[1] Defendants also sought, in the alternative, to stay the citation proceedings, pending the resolution of another lawsuit pending in California; this, too, was denied. (Docket Entry 42.)

[2] While final judgment was entered in Plaintiff's action in the Northern District of California, this action, commenced in the Northern District of Illinois, is supplementary in nature.

4

proceeding. Nonetheless, courts in this district have contemplated motions to reconsider interlocutory orders under Rule 54(b), common law, or the court's inherent authority, *see Ramada Franchise Sys., Inc. v. Royal Vale Hospitality of Cincinnati, Inc.*, No. 02-CV-1941, 2004 WL 2966948, at *3 (N.D. Ill. Nov. 24, 2004) (compiling cases), and holding a motion to reconsider may be granted in the following circumstances:

> (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court.

*Id.* (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

Federal Rule of Civil Procedure 54(b) provides that an interlocutory order may be revised at any time before the entry of a final judgment adjudicating all claims and all parties' rights and liabilities. *See Marconi Wireless Tel. Co. of Am. v. United States*, 320 U.S. 1, 47–48 (1943). However, "[m]otions for reconsideration do not provide a party with the opportunity to take a second bite at the apple or raise new arguments that it did not make in the first instance." *Ace Hardware Intern. Holdings, Inc. v. Masso Expo Corp.*, No. 11-C-3928, 2012 WL 182236, at *3 (N.D. Ill. Jan. 23, 2012) (citing *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004)). Reconsideration of an interlocutory order is within the trial court's sound discretion. *See Finnsugar Bioproducts Inc. v. Almagamated Sugar Co., LLC*, 244 F. Supp. 2d 890, 891 (N.D. Ill. 2002).

## ANALYSIS

*Disregarding and Declining to Enforce the Prejudgment Interest Award*

Defendants argued in their previous motion to dismiss the citations that the citations should be dismissed "because the judgment is, in part, void" pursuant to Illinois Supreme Court Rule 277(e). (Defs.' Mot. to Dismiss at 4.) Defendants, then, argued that the prejudgment interest was awarded by the Northern District of California in error and without subject-matter jurisdiction. (*Id.*) In their disjointed first reconsideration motion, it is difficult to ascertain the bases of Defendants' argument that the Court erred in denying Defendants' motion to dismiss the citations. (Docket Entry 43.) Apparently, however, Defendants seek to have this Court find that the judgment entered by the Northern District of California is void or that the judgment should be disregarded because the Northern District of California lacked subject-matter jurisdiction over the matter.

Federal Rule 60(b)(4) permits a court to find a judgment void. "A judgment is void for the purposes of Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *United States v. Indoor Cultivation Equip. From High Tech Indoor Garden Supply*, 55 F.3d 1311, 1316 (7th Cir. 1995) (citations omitted). The Seventh Circuit is clear as to this district court's ability to render Plaintiff's judgment in the Northern District of California void: "A judgment may be registered in many districts, . . . and it would not make much sense to allow each of these districts to modify the judgment under Rule 60(b), potentially in different ways. . . . This circuit is among the majority that require Rule 60(b) motions to be presented to the rendering court." *Board*

6

*of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1034 (7th Cir. 2000) (*Elite Erectors*) (citations omitted). Because this Court is a *registering* court in this case, to the extent Defendants seek to have the judgment of Plaintiff's arbitration award declared void, this is denied.

Defendants alternatively seek to have Plaintiff's judgment disregarded. While this Court, as the registering court, lacks the authority to void the Northern District of California's judgment, it may disregard the judgment without formally annulling it under Rule 60, provided the Northern District of California lacked jurisdiction over the judgment. *Id.* at 1034. However, the Northern District of California had subject-matter jurisdiction over Plaintiff's application for an order confirming the arbitration award and entering judgment on the award pursuant to 28 U.S.C. § 1332. As Plaintiff alleged in her Application to the Northern District of Illinois, Plaintiff is a citizen of the State of California, and Respondents are citizens of the State of Illinois. (Pl.'s Resp. Ex. A; *see also* Docket Entry 4.) The amount in controversy, Plaintiff's arbitration award, exceeded $75,000. Therefore, diversity jurisdiction existed and the Northern District of California possessed jurisdiction over that action.[3] Having found the Northern District of California possessed subject-matter jurisdiction to render a judgment in favor of Plaintiff, this Court has no authority to void or disregard the judgment. *Elite Erectors*, 212 F.3d at 1034. Therefore, Defendants' Motion to Reconsider the jurisdictional ruling is denied: Defendants have provided no legitimate basis for reconsideration; moreover, the Court

---

[3] Moreover, Plaintiff alleges, Defendants already challenged the Northern District of California's diversity jurisdiction over that action and *lost*. (Pl.'s Resp. at 8.)

properly denied Defendants' Motion to Dismiss the Citations on the basis of a partially void judgment in its initial ruling.

*Denial of Defendants' Motion for Offset*

In their second reconsideration motion, Defendants move the Court to reconsider and "clarify" its order of March 2, 2012, "that 'denies' the defendants' motion for offset against the registered California district court 'confirmation' judgment therein." (Docket Entry 45 at 1.) This request is somewhat puzzling, as Defendants never specifically moved for an offset against the Northern District of California Judgment entered against them. Defendants previously filed two motions: first, they filed a motion to dismiss the citations to discover assets of a third party, arguing that (1) the citations were defective; (2) some of the citations related to accounts that were exempt from Plaintiff's execution of judgment; and (3) as discussed above, because the judgment was, in part, void.[4] (Docket Entry 29.) Second, Defendants moved to claim various exemptions against the citations. (Docket Entry 31.) Perhaps Defendants now seek to re-characterize their argument that the citations issued were defective (because the citations indicate that the entirety of the judgment remains unsatisfied) as an argument Defendants are entitled to an offset against the judgment. As the procedural history demonstrates, both the arbitrator and the California state court declined to offset Plaintiff's arbitration award; the Northern District of California noted that the issue of offset was not at issue in its ruling.

---

[4] In the alternative, Defendants sought to stay the citation proceedings, pending the resolution of another lawsuit in California involving Plaintiff and Defendants against a third-party realtor.

8

Unfortunately for Defendants, they cannot be given yet another bite at the offset apple in the Northern District of Illinois. As previously discussed, because the Northern District of California had subject-matter jurisdiction over the entry of Plaintiff's judgment, this Court is precluded from voiding or otherwise modifying the judgment. *See Elite Erectors*, 212 F.3d at 1034. If Defendants' position is that the Northern District of California erred in the confirmation of the judgment against them, Defendants might consider appealing that decision or otherwise moving to alter the judgment in that rendering District, though such a motion might now be untimely.

Therefore, Defendants' Motion to Reconsider the offset, which fails to identify a basis under which this Court might have reconsidered its previous ruling, is denied. Defendants' Motion to Dismiss the Citations to Discover Assets is denied with prejudice.

## CONCLUSION

Based on the foregoing analysis, Defendants' Motions for Reconsideration are denied; Defendants' Motion to Dismiss Citations is denied with prejudice.

Date: June 21, 2012

JOHN W. DARRAH
United States District Court Judge