Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11-cv-8843 | DATE | 11/29/2012 |
| CASE TITLE | Goldman v. Gagnard | | |

**DOCKET ENTRY TEXT**

Ruling on motion hearing held. Plaintiff moves for an indicative ruling regarding the turnover of an inherited individual retirement account. For the reasons set out below, Plaintiff's Motion [96] is denied. See statement below.

■[ For further details see text below.] 00:05

Docketing to mail notices.

## STATEMENT

  Plaintiff Susan R. Goldman filed this supplemental action in the Northern District of Illinois on December 13, 2011, in order to issue citations to discover the assets of Defendants James R. Gagnard and Michelle Gagnard. The citations seek to discover assets to satisfy an award issued in a real estate contract dispute, arising out of the Northern District of California. Plaintiff was awarded damages, fees, and costs at the conclusion of arbitration proceedings between Plaintiff and Defendants. Defendants moved to dismiss the citations in this District; this motion was denied. Defendants' subsequent motion to reconsider the dismissal of citations was also denied on June 21, 2012, and Defendants have appealed that ruling. Defendants' appeal is currently pending before the Seventh Circuit. Now, Plaintiff moves for an indicative ruling, pursuant to Fed. R. Civ. P. 62.1(a), as to whether or not the Court, but for the pending appeal, would order Michelle Gagnard to turn over the proceeds of an inherited individual retirement account ("IRA"). Federal Rule of Civil Procedure 62.1(a) permits a court to issue an order stating how it *would* rule, if the matter was not pending appeal. Specifically, the rule provides: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).
  On May 23, 2012, Plaintiff's counsel conducted a citation examination of Michelle Gagnard to determine what assets were in her possession and control. Plaintiff determined during the course of the examination that Michelle Gagnard inherited an IRA from her father's estate. In Plaintiff's motion, Plaintiff argues that Michelle Gagnard "admitted that she does not intend for the Inherited Account to serve as a retirement fund" and will instead use the money to buy a house. (Mot. at 3.) However, upon review of the citation examination transcript, it is apparent that Plaintiff mischaracterizes the record, and her citations of the record fail to support her position.
  Plaintiff contends that because of some vague and general statements Michelle Gagnard made about using the inherited IRA to go "into the house that I thought maybe some day I could buy . . .," Gagnard destroys the exempt status of the inherited IRA. (Tr. 126:4 - 126:5.) It is futile to issue an indicative ruling on this issue based on the general assertions and comments made by Ms. Gagnard (and incorrectly cited to in

| STATEMENT |
|---|
| Plaintiff's motion). Moreover, Plaintiff concedes in her motion that the substantive question of whether or not an inherited IRA account is exempt is presently before the Seventh Circuit. (Mot. at 6 n.4.) Moreover, Plaintiff fails to demonstrate any practical benefit of such a ruling while the issue is before the Seventh Circuit.<br>     Plaintiff's motion for an indicative ruling is premature, unsupported by the record, and an inefficient use of the parties' and the Court's time and resources. It is therefore denied. |