UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN R. GOLDMAN, Trustee of the Goldman Living Trust, U/A/D December 19, 2000, | ) ) ) ) |
| Plaintiff/Counter-Defendant, | ) ) |
| v. | ) Case No. 11-CV-8843 ) ) Judge John W. Darrah |
| JAMES R. GAGNARD, | ) ) |
| Defendant/Counter-Plaintiff, and | ) ) ) |
| MICHELLE GAGNARD, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant/Counter-Plaintiff James R. Gagnard filed a Counter-Complaint against Plaintiff/Counter-Defendant Susan R. Goldman on January 4, 2013. Goldman moves to dismiss Gagnard's Counter-Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. This motion has been fully briefed and is ripe for ruling. Based on the discussion below, Goldman's motion is granted.

### BACKGROUND

Plaintiff, Susan R. Goldman, Trustee of the Goldman Living Trust, U/A/D December 19, 2000, commenced this supplemental action in the Northern District of Illinois on December 13, 2011, by registering in this District a judgment entered in the Northern District of California and causing the Clerk of this Court to issue citations to discover the assets of Defendants James R.

Gagnard and Michelle Gagnard, in addition to other, third-party financial institutions. The dispute between these parties originated in California.

The underlying facts of this case were previously set out in a Memorandum Opinion and Order issued on June 21, 2012, and a review of those facts is useful here. Goldman and the Gagnards entered into a real estate purchase agreement in January 2004. A dispute arose over this transaction with regards to the house that was purchased and some purported construction defects. The parties participated in arbitration proceedings pursuant to the real estate contract terms. At the conclusion of arbitration, Goldman was awarded damages, attorney's fees, and costs. Following this award, the Gagnards filed an Application for Correction of Final Award, which was opposed by Goldman; the arbitrator denied the Gagnards' Application for Correction. The Gagnards believed they were entitled to a set-off or allocation on Goldman's arbitration award for recovery Goldman already received in a suit against the real estate contractors and subcontractors, and James Gagnard further asserts this argument in his Counter-Complaint.

Following entry of Goldman's final arbitration award, Goldman filed an Application for an Order Confirming the Arbitration Award and Entering Judgment in Conformity Therewith on June 20, 2011, in the Northern District of California. The Gagnards sought to stay this confirmation award action, pending the resolution of the set-off issue in California state court. However, on October 18, 2011, the California state court dismissed the Gagnards' action seeking to offset Goldman's arbitration award.

Thereafter, the Gagnards withdrew their motion to stay Goldman's action to confirm her arbitration award in the Northern District of California and, instead, filed untimely objections to Goldman's motion for confirmation of her award in the Northern District of California; in the objections, the Gagnards reasserted their position that they were entitled to a set-off and objected

to an award of prejudgment interest. On November 29, 2011, the Northern District of California entered judgment in favor of Goldman in the amount of $1,331,992.48, which included an award of prejudgment interest. No appeal was filed by the Gagnards.

Following the entry of judgment in the Northern District of California, Goldman registered the Judgment here, in the Northern District of Illinois. After citations were issued to discover the Gagnards' assets, the Gagnards filed a motion in this Court to dismiss the citations; this motion was denied on March 2, 2012. The Gagnards moved for reconsideration of the Court's ruling pursuant to Fed. R. Civ. P. 59(e), in two separate motions, and both of these motions were denied on June 21, 2012. The March 2 and June 21 rulings are on appeal before the Seventh Circuit.

On October 12, 2012, the Gagnards voluntarily paid the Judgment Goldman had registered in this District. James Gagnard, individually, filed a Counter-Complaint on January 4, 2013. Gagnard's Counter-Complaint alleges three counts: (I) unjust enrichment on the part of Goldman in the amount of $15,000, plus prejudgment interest (the excess payment claim); (2) unjust enrichment by Goldman, by recovering damages from Gagnard *and* from subcontractors for the same property damage, in the amount of $611,875, plus prejudgment interest (the duplicative recovery claim); and (3) unjust enrichment in the amount of $126,353.00,[1] the amount awarded as prejudgment interest by the Northern District of California in addition to

---

[1] Gagnard excludes the $0.23 awarded in prejudgment interest.

confirming the arbitration award (the post-arbitration award claim).² In the third count, Gagnard argues, yet again, that California did not have the jurisdiction to award prejudgment interest.

Goldman moves to dismiss Gagnard's Counter-Complaint. Goldman distinguishes herself as a judgment creditor who registered a judgment, rather than a plaintiff who filed a pleading or complaint. Goldman argues that, as a matter of procedure, Gagnard is unable to file a counterclaim because Goldman simply sought to register a judgment in this District and did not file a pleading under Fed. R. Civ. P. 7. Therefore, Goldman reasons, Gagnard is barred from filing a counterclaim under Fed. R. Civ. P. 13, because there is no pleading filed by an opposing party and a counterclaim is not permitted.

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought." Fed. R. Civ. P. 8. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*Iqbal*) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*)). Fed. R. Civ. P. 7 provides an exclusive list of "pleadings," which includes: a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and, if ordered by the court, a reply to an answer.

---

² Gagnard erroneously refers to Count II of the Counter-Complaint as the post-arbitration award claim and Count III as the duplicative recovery claim in his Response to the Motion to Dismiss.

4

A defendant may file a motion to dismiss a claim under Federal Rule 12(b)(6) for failure to state a claim upon which relief may be granted. To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

However, "[w]here the well-settled pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950. For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556). At issue in a 12(b)(6) motion is "not whether a plaintiff will ultimately prevail" but whether the plaintiff is entitled to present evidence to support the claims alleged. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011) (internal quotation and citation omitted).

> 28 U.S.C. § 1963 governs registration of judgments and provides:
>
> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

Remarkably, registration of a judgment is described as "a rapid procedure that does not require the intervention of a judge." *In re Professional Air Traffic Controllers Organization*, 699 F.2d 539, 544 (D.C. Cir. 1983).

**ANALYSIS**

28 U.S.C. § 1963 "has been held to have been adopted to protect both judgment creditors and judgment debtors from the additional cost and harassment of further litigation which otherwise would be incident to an action on the judgment in a foreign district." *Ohio Hoist Manufacturing v. LiRocchi*, 490 F.2d 105, 107 (6th Cir. 1974). Despite the goal of Section 1963 to streamline the entry of judgments in foreign courts and eliminate further litigation, Gagnard seeks to raise legal arguments that have failed him in multiple forums, including this one. Moreover, Gagnard presents no legal authority which would provide him with a basis to file counterclaims against Goldman in this Section 1963 registration proceeding.

Goldman's motion presents a seemingly novel question: can a party file a counterclaim where no original pleading under Fed. R. Civ. P. 7 has been filed? As discussed above, Fed. R. Civ. P. 7 enumerates an *exclusive* list of pleadings, providing, "Only these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 13 governs counterclaims and provides that a party asserting a counterclaim must state "any claim that . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's *claim* . . . ." Fed. R. Civ. P. 13(a)(1) (emphasis added). Therefore, one must determine if, pursuant to the Federal Rules of Civil Procedure, the registration of a judgment may be

6

properly considered a claim that would permit the filing of a counterclaim in response. A reading of Fed. R. Civ. P. 8 indicates that it is not.

> Rule 8 provides:
>
> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the *claim* showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) (emphasis added). When this standard is applied to Goldman's registration of her judgment, it is obvious it is not a claim and, therefore, not a pleading under Rules 7 and 8. Goldman's registration in this District of a judgment rendered in California on a previously filed claim is merely a supplemental proceeding to enforce the judgment in California. Goldman has not filed a pleading asserting claims independent of the California judgment against Gagnard to permit Gagnard to file a counterclaim under Rule 13. Further, Gagnard provides no controlling legal basis to proceed on his counterclaim.

Moreover, to provide Gagnard with yet another opportunity to assert his purported claims against Goldman would be directly counter to the purpose of 28 U.S.C. § 1963. "Its purpose is to 'assist[ ] judgment creditors by making it possible for them to pursue the property of a debtor in satisfaction of a judgment by the ordinary process of levying execution on a judgment in any district where the judgment is registered.'" *Juneau v. Couvillion*, 148 F.R.D. 558, 559 (W.D. La. 1993) (*Juneau*) (quoting S.Rep. No. 1917, 83rd Cong., 2d Sess. (1954), *reprinted in* 1954 U.S.C.C.A.N. 3142, which addressed the registration of judgments in the U.S. Territory of Alaska). "It was enacted so that creditors and debtors would be spared 'the additional cost and harassment of further litigation which would otherwise be required by way of an action on the

7

judgment in a district other than that where the judgment was originally obtained.'" *Id.* (quoting S.Rep. No. 1917, 83rd Cong., 2d Sess. (1954), *reprinted in* 1954 U.S.C.C.A.N. 3142). One of the primary purposes of Section 1963 is to "eliminate the necessity and expense of a second lawsuit." *United States v. Febre*, 764 F. Supp. 110, 112 (N.D. Ill. 1991) (quoting *Stanford v. Utley*, 341 F.2d 265, 270 (8th Cir. 1965)). Gagnard has not demonstrated a procedural basis by which he may assert a counterclaim and, additionally, to afford Gagnard another opportunity to litigate the issues he raises in his counterclaims would fail to further the purpose of Section 1963.

## CONCLUSION

Goldman has presented additional bases of *res judicata* and/or issue preclusion for dismissal of Gagnard's counterclaims. However, these issues, in light of the above analysis, need not be addressed. Based on the foregoing analysis, Goldman's Motion to Dismiss James Gagnard's Counter-Complaint is granted, and the Counter-Complaint is dismissed.

Date: April 25, 2013

_____
JOHN W. DARRAH
United States District Court Judge